

11 CV 3550

JACKSON LEWIS LLP
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000 telephone
(212) 972-3213 facsimile
Attorneys of Record:
      Diane Windholz (DW 9806)
      Gena Usenheimer (GU 4969)

ATTORNEYS FOR DEFENDANT
HILTON WORLDWIDE, INC.

RECEIVED
MAY 24 2011
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMED KOTBI,

              Plaintiff,

      -against-

HILTON WORLDWIDE, INC. d/b/a
WALDORF=ASTORIA HOTEL,

              Defendant.

Civil Action No:

NOTICE OF REMOVAL

---

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

      **PLEASE TAKE NOTICE** that Hilton Worldwide, Inc. (incorrectly sued herein as "Hilton Worldwide, Inc. d/b/a Waldorf=Astoria Hotel" and hereinafter "Hilton" or "Defendant"), by and through its undersigned counsel, hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, and state the following grounds in support of removal of the above-captioned matter.

      1. Plaintiff Mohamed Kotbi ("Plaintiff") instituted the above-captioned action in the Supreme Court of the State of New York, County of New York, by filing a Summons and Complaint with that Court on or about April 28, 2011. The Clerk received the Complaint for filing on that date and assigned this action Index Number 11105063 (hereinafter referred to as

the "State Action").

2.   On or about May 5, 2011 the Summons and Complaint in the State Action were served on an agent authorized to accept service on behalf of Defendant. A true and correct copy of the Summons and Complaint in the State Action are annexed hereto as Exhibit "A."

3.   The Summons and Complaint constitute all process, pleadings and orders served upon Defendant in the State Action.   Defendant did not serve an Answer or other responsive pleading to Plaintiff's Summons and Complaint in the State Action and made no appearance or argument whatsoever in the State Action.

4.   Defendant seeks to remove this action to this Court on the grounds that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.   Specifically, there is diversity of citizenship between the parties, and upon information and belief, Plaintiff seeks over $75,000.00 in damages, thereby satisfying the jurisdictional minimum of an amount in controversy under 28 U.S.C. § 1332.   Therefore, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

5.   This Notice of Removal is being filed with this Court within thirty (30) days of service of the Complaint upon which the State Action was based, and before any proceedings were conducted in the Supreme Court of the State of New York, County of New York.

## THE PARTIES

### Plaintiff

6.   According to Plaintiff's Complaint, he is a resident of the County of New York, City and State of New York.   Plaintiff's personnel records reflect that Plaintiff's current address is 344 East 65th Street, Apt 1D, New York, NY 10065.

**Defendant**

7. Defendant Hilton Worldwide is incorporated in the State of Delaware and maintains its principal place of business in the State of Virginia.

## THE STATE COURT ACTION

8. Plaintiff alleges, *inter alia*, that Defendant discriminated against him on the basis of his national origin (Moroccan), race (Arab) and religion (Muslim) and exposed him to a hostile work environment based upon his national origin, race and religion in violation of the New York State Human Rights Law (hereinafter "NYSHRL") and the New York City Administrative Code (hereinafter "NYCHRL"). Plaintiff also claims he was retaliated against in violation of the NYSHRL and the NYCHRL.

## THIS COURT'S JURISDICTION

9. 28 U.S.C. § 1441(a) provides the basis for this Court's jurisdiction over this action. The section provides, in pertinent part, as follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

10. The State Action is within the original jurisdiction of this Court based upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. That section provides, in pertinent part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
>
> (1) citizens of different States;
>
> …
>
> (c) For the purposes of this section and section 1441 of this title –

3

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...

11. According to his Complaint, Plaintiff is a citizen of the State of New York.

12. Defendant Hilton Worldwide is incorporated in the State of Delaware and maintains its principal place of business in the State of Virginia.  Accordingly, Defendant is a citizen of Delaware and Virginia for the purposes of diversity.

13. Upon information and belief, the amount in controversy is in excess of $75,000, inclusive of damages and attorney's fees.  Specifically, Plaintiff is seeking damages encompassing lost earnings, wages, benefits, conscious pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

14. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief may be granted.

**WHEREFORE,** Defendant respectfully requests that the State Action be removed from the Supreme Court of the State of New York, County of New York to this Court.

Respectfully submitted,

JACKSON LEWIS LLP
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Dated:  May 24, 2011          By: _____
New York, New York                 Diane Windholz (DW 9806)
                                   Gena Usenheimer (GU 4969)

ATTORNEYS FOR DEFENDANT
HILTON WORLDWIDE, INC.

Exhibit A

SCANNED ON 4/28/2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------x

MOHAMED KOTBI

                                Plaintiff

       -against-

HILTON WORLDWIDE, INC. d/b/a
WALDORF=ASTORIA HOTEL

                          Defendants.

--------------------------------------------------------------x

Index No.:
Date Purchased: 110105063
**SUMMONS**

Plaintiff designates NEW
YORK County as the place of
trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
344 E. 65th Street, #1D
New York, NY 10065

County of New York

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance on the Plaintiff's attorneys within twenty days after the service of
this summons, exclusive of the day of service, where service is made by delivery upon
you personally within the state, or, within 30 days after completion of service where
service is made in any other manner.  In case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      NEW YORK, NY
           March 1, 2011

                      JONATHAN BELL
                      BELL & KILADA, PLLC
                      Attorneys for Plaintiff
                      **MOHAMED KOTBI**
                      666 Old Country Road, #600
                      Garden City, New York 11530
                      (516) 307-8034

TO:    HILTON WORLDWIDE, INC.
        d/b/a WALDORF=ASTORIA HOTEL
        301 Park Avenue
        New York, NY 10022

**FILED**

APR 28 2011

NEW YORK
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x

MOHAMED KOTBI

                    Plaintiff

      -against-

HILTON WORLDWIDE, INC. d/b/a WALDORF=ASTORIA
HOTEL

                    Defendants.

--------------------------------------------------------------------x

Index No.

VERIFIED
COMPLAINT

11105063

Plaintiff, MOHAMED KOTBI, by his attorneys BELL & KILADA,PLLC,

complaining of the defendant, alleges upon information and belief as follows:

1. Plaintiff, MOHAMED KOTBI, (hereinafter "Plaintiff") at all times hereinafter

   mentioned, was and still is a resident of the County of New York, City and

   State of New York.  At all time hereinafter mentioned, Plaintiff was an

   "employee" as defined in New York State Executive Law, Human Rights

   Law, Section 290 et seq. and the New York City Human Rights Law, N.Y.C.

   Admin. Code Title 8.

2. Upon information and belief, Defendant HILTON WORLDWIDE, INC. d/b/a

   WALDORF=ASTORIA HOTEL (hereinafter Defendant), is engaged in the

   ownership and maintenance of hotels, including, but not limited to the one

   known as the Waldorf=Astoria Hotel, located in City and State of New York.

3. The Waldorf=Astoria hotel is currently located at 301 Park Avenue, City and

   State of New York.

# FILED

APR 28 2011

NEW YORK
COUNTY CLERK'S OFFICE

4. At all times herein mentioned, Defendant was, and still is, a foreign corporation duly authorized to do business in the State of New York.

5. The Defendant is and was an "employer" as defined in the New York State Executive Law, Human Rights Law, Section 290, et seq and the New York City Human Rights Law, N.Y.C. Admin. Code Title 8.

6. At all times hereinafter mentioned, Victor Sala, Carmelo Martinez, Francisco Mendez, Krishna Predman were and still are employees of the Defendant and are employed as banquet waiters in the Waldorf=Astoria Hotel.

7. At all times hereinafter mentioned, Plaintiff was and still is employed as a banquet waiter in the Waldorf=Astoria Hotel.

8. Plaintiff's race is Arab, his religion is Muslim and his National Origin is Moroccan.

9. Plaintiff commenced employment at the Waldorf=Astoria in December 1984.

10. Since after September 11, 2001 up to and including the present time, Plaintiff has been constantly harassed and has been under a Hostile Work Environment.

11. Plaintiff had previously engaged in EEO protected activity wherein he filed a Charge of Discrimination with the EEOC against the Defendant in 2005. Furthermore, Plaintiff made complaints to the EEOC in November 2009, relating to allegations in the instance complaint, for which the Defendants were aware.

12. After September 11, 2001 up until the present time, Plaintiff is subjected to constant slurs relating to Plaintiff's religion, race and national Origin.

2

13. Victor Sala, Carmelo Martinez, Francisco Mendez, and/or Krishna Predman engage in name calling directed at Plaintiff including, but not limited to "terrorist, trader, blow up shit, watch out he might blow up himself when phone rings, he is in the Taliban, sleeping cell, Moroccan faggot, Moho, Al-Qaeda boy, just came from Al Qaeda training camp, they link phones to bombs, and Al Qaeda is good, they provide them with fancy cars for their final mission"

14. The name calling continues to the present time on a weekly and sometimes daily basis.

15. Victor Sala, Carmelo Martinez, Francisco Mendez, and/or Krishna Predman have engaged in intimidating acts directed at Plaintiff, including but not limited to denying Plaintiff access to pass them in hallways, messing up arranged table settings that Plaintiff set prior to a function, writing threatening remarks on Plaintiff's locker door.

16. The intimidating behavior continues to the present time on a weekly and sometime daily basis.

17. Numerous managers and supervisors became aware of the name calling, intimidating behavior and otherwise Hostile Work Environment suffered by Plaintiff and chose not to take any action to rectify it.

18. All banquet waiters are issued name tags to wear on their respective uniforms bearing the employees first name.

19. On a number of occasions, Plaintiff was issued the names other than "Mohamed" including nametags that state "Kotbi," "Hector," and "Edgar."

3

20. When Plaintiff questioned management as to why he would be issued nametags of names other than "Mohamed" he was told "we don't want to scare guests" and "it is better to be Edgar then Mohamed today."

21. Despite the fact that Management is well aware that Plaintiff is being continually harassed by Victor Sala, Carmelo Martinez, Francisco Mendez, and/or Krishna Predman, Management consistently assigns Plaintiff work in a location that is in close proximity to them and makes no attempt to separate them from Plaintiff despite Plaintiff's continued and repeated requests.

22. Other acts of a Hostile Work Environment include:

    a. On November 1, 2010, David Hart, the Asst Manager Banquet Service, gave Plaintiff a nametag that displayed the name "Edgar" as opposed to "Mohamed" and stated "it is better to be Edgar than Mohamed today."

    b. On July 7, 2010, Plaintiff was scheduled to work the East Foyer by rotation while employee Krishna Predman was scheduled to work the Grand Ballroom. The Grand Ballroom is a lot more work as compared to the East Foyer, and, thus is more desirable. Employee Krishna Predman demanded that the Captain, Mr. Salazar, switch Plaintiff's and Predman's assigned work areas and Mr. Salazar complied with Krishna's request.

    c. On March 9, 2010 Plaintiff was approached by Mr. Sala, who was intoxicated and was verbally abusive and threatening towards him. Mr. Sala informed Plaintiff he was going to wait outside to fight him.

4

Mr. Sala also slurred ethnic insults directed at Plaintiff. Plaintiff filed a report with Security and Management did not take any action on the complaint.

d. On March 6, 2010, while Plaintiff was exiting an elevator and while he was walking with Mr. Marco (a Door Man), Mr. Sala turned around and yelled out "CAMAYO". Mr. Sala also threatened him and took photos of Plaintiff. Plaintiff filed a report with security and no action was taken by management.

e. On December 1, 2009, Plaintiff was at work and was approached by employee Victor Sala who stated "we are going to get you, you have one more life left you fucking terrorist." Employee Carmelo Martinez then stated "Don't worry, we got him." Plaintiff went and filled out a security report and reported the incident to management, Paul Desilva. No corrective actions were taken against these employees.

f. On or about October 4 or 5, 2009, Mr. Martinez made a comment "I know who is financing that (referencing Plaintiff's car).

g. On or about October 13th or 14th 2009, Mr. Predman stated "Oh, Al Qaeda is good, they provide them with fancy cars for their final mission.

h. On or about October 15th or 16th 2009, Plaintiff's phone rang and Mr. Predman stated "Hey, watch out. He may blow up."

5

Supreme Court Records OnLine Library - page 6 of 13

23. Plaintiff was wrongfully suspended for 18 days, from October 21, 2009 to November 10, 2009, as a result of an incident that occurred on or about October 21, 2009.

24. In addition to being suspended, Plaintiff was also required to attend anger management classes, while the other employees involved in the dispute, namely, Mr. Sala, Mr. Melendez and Mr. Martinez were not disciplined and not required to attend anger management classes.

## FIRST CAUSE OF ACTION

### (NYSHRL - Unlawful Suspension - Race, Religion, National Origin)

25.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 with the same force and effect as though fully set forth at length herein.

25.   The aforesaid act of unlawful suspension of Plaintiff's employment, perpetrated by Defendant(s), violated Plaintiff's rights as provided under the NYSHRL.

26.   As a consequence of Defendant(s)' unlawful suspension, Plaintiff has suffered and continues to suffer damages including lost earnings, wages, benefits, conscious pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

## SECOND CAUSE OF ACTION

### (NYCHRL - Unlawful Suspension - Race, Religion, National Origin)

27.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26 with the same force and effect as though fully set forth at length herein.

6

28.    The aforesaid act of unlawful suspension of Plaintiff's employment, perpetrated by Defendant(s), violated Plaintiff's rights as provided under NYCHRL.

29.    As a consequence of Defendant(s)' unlawful suspension, Plaintiff has suffered and continues to suffer damages including lost earnings, wages, benefits, conscious pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

### THIRD CAUSE OF ACTION

### (NYSHRL - Discrimination in Terms and Conditions of Employment - Race, Religion, Age)

30.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 with the same force and effect as though fully set forth at length herein.

31.    The aforesaid acts of discrimination in the terms and conditions of Plaintiff's employment, perpetrated by Defendant(s), violated Plaintiff's rights as provided under the NYSHRL.

32.    As a consequence of Defendant(s)' discrimination in the terms and conditions of Plaintiff's employment, Plaintiff has suffered and continues to suffer damages including lost earnings, wages, benefits, conscious pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

### FOURTH CAUSE OF ACTION

### (NYCHRL - Discrimination in Terms and Conditions of Employment - Race, Religion, National Origin)

33.    Plaintiff repeats and re-alleges each and every allegation contained in

7

paragraphs 1 through 32 with the same force and effect as though fully set forth at length herein.

34. The aforesaid acts of discrimination in the terms and conditions of Plaintiff's employment, perpetrated by Defendant(s), violated Plaintiff's rights as provided under the NYCHRL.

35 As a consequence of Defendant(s)' discrimination in the terms and conditions of Plaintiff's employment, Plaintiff has suffered and continues to suffer damages including lost earnings, wages, benefits, conscious pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

### FIFTH CAUSE OF ACTION

### (NYSHRL - Hostile Work Environment)

36 Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as though fully set forth at length herein.

37. The aforesaid severe, repetitive, and pervasive misconduct of Defendant(s) caused a hostile work environment in violation of Plaintiff's rights as provided under the NYSHRL.

38. As a consequence of the hostile work environment created and/or allowed by Defendant(s), Plaintiff has suffered and continues to suffer damages including lost earnings, wages, benefits, conscious pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

### SIXTH CAUSE OF ACTION

### (NYCHRL - Hostile Work Environment)

8

39.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as though fully set forth at length herein.

40.     The aforesaid severe, repetitive, and pervasive misconduct of Defendant(s) caused a hostile work environment in violation of Plaintiff's rights as provided under NYCHRL.

41.     As a consequence of the hostile work environment created and/or allowed by Defendant(s), Plaintiff has suffered and continues to suffer damages including lost earnings, wages, benefits, conscious pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

## SEVENTH CAUSE OF ACTION

### (NYSHRL - Retaliation)

42.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 41 with the same force and effect as though fully set forth at length herein.

43.     Plaintiff engaged in protected activity under the NYSHRL.

44.     The aforesaid misconduct of Defendant(s), including but not limited to the suspension, anger management, refusal to rectify the Hostile Work Environment, and other discrimination in the terms and conditions of Plaintiff's employment, constituted unlawful retaliation due to Plaintiff's protected activity.

45.     As a consequence of Defendant(s)' unlawful retaliation, Plaintiff has suffered and continues to suffer damages including lost earnings, wages, benefits, conscious pain and suffering, emotional distress, mental anguish, embarrassment and

9

humiliation.

## EIGHTH CAUSE OF ACTION

### (NYCHRL - Retaliation)

46.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45 with the same force and effect as though fully set forth at length herein.

47.    Plaintiff engaged in protected activity under the NYCHRL.

48.    The aforesaid misconduct of Defendant(s), including but not limited to the suspension, anger management, refusal to rectify the Hostile Work Environment, and other discrimination in the terms and conditions of Plaintiff's employment, constituted unlawful retaliation due to Plaintiff's protected activity.

49.    As a consequence of Defendant(s)' unlawful retaliation, Plaintiff has suffered and continues to suffer damages including lost earnings, wages, benefits, conscious pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

## PRAYER FOR RELIEF

50.    **WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

      a.  Declaratory Judgment;

      b.  Individual and systematic injunctive relief;

      c.  Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

10

d.   Punitive damages;

e.   Trial by jury; and

f.   Attorney's fees, costs of litigation and other relief the Court deems just

and proper.


## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by the Complainant.

Respectfully, submitted this 1st day of March, 2011.


Dated:  March 1, 2011
        Garden City, NY


Jonathan Bell
BELL & KILADA, PLLC
*Attorney for the Plaintiff*
666 Old Country Road, Suite 600
Garden City, NY 11530
516 307-8034 tel
516.745-0596 fax

11