UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------x
                                              :
MOHAMED KOTBI,                                :
                                              :
                         Plaintiff,           :         11 Civ. 3550 (TPG)
                                              :
            – against –                       :         **<u>OPINION</u>**
                                              :
HILTON WORLDWIDE, INC.,                       :
                                              :
                         Defendant.           :
                                              :
----------------------------------------------x

Plaintiff Mohamed Kotbi brings this action against defendant Hilton
Worldwide, Inc., doing business as Waldorf-Astoria Hotel, ("Hilton") for
workplace discrimination.

Defendant now moves to dismiss the case pursuant to Rules 12(b)(1) and
12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff apparently filed a
voluntary petition for bankruptcy but did not disclose this claim in his
bankruptcy proceedings.  Accordingly, defendant claims that plaintiff lacks
standing and is barred by judicial estoppel.  Defendant also seeks sanctions, in
the form of attorneys' fees and costs.  Plaintiff seeks to substitute the
bankruptcy estate as plaintiff in this case.

The court denies defendant's motion to dismiss the case.  The court
grants plaintiff's request to substitute plaintiff's bankruptcy estate as plaintiff.
The court denies defendant's request for sanctions.

**<u>Facts</u>**

Plaintiff was and still is a banquet waiter at the Waldorf-Astoria Hotel. He has been employed there since 1984. Plaintiff alleges that he has been constantly harassed and subjected to a hostile work environment since September 11, 2001, due to his race, religion, and national origin. Plaintiff's race is Arab, his religion is Muslim, and his national origin is Moroccan.

In 2005, plaintiff filed a Charge of Discrimination against defendant with the Equal Employment Opportunity Commission (the "EEOC"). The charge ended with a non-monetary agreement by the defendant to properly adhere to anti-discrimination laws and to protect plaintiff from harassment.

However, the agreement apparently did not last. In November 2009, plaintiff filed a second Charge of Discrimination against defendant with the EEOC, mirroring the first charge filed in 2005 and complaining about the same defendant and the same harassers. Plaintiff's second Charge of Discrimination advanced identical claims of discrimination and harassment to those asserted in the present case. In or around August 2010, plaintiff and his attorney, Jonathan Bell, Esq., requested a right to sue letter from the EEOC. Plaintiff represents that the EEOC asked that he withdraw his request because the EEOC had a particular interest in his case.

On August 31, 2010, plaintiff, through an attorney,[1] filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the

---

[1] It appears from plaintiff's bankruptcy petition that the attorney representing plaintiff in his discrimination action, Jonathan Bell, Esq., was not the attorney who represented plaintiff in his bankruptcy proceeding.

Southern District of New York.  In that petition, plaintiff was asked to disclose "[c]ontingent claims and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to setoff claims."  In response, plaintiff indicated that there were no such claims by marking an "X" in the appropriate column.  At a hearing before the bankruptcy court on September 28, 2010, plaintiff testified that he had no right to sue anyone for any reason. On or around February 10, 2011, plaintiff's debts were discharged by the bankruptcy court.

On February 17, 2011, the EEOC issued a right to sue letter, apparently in response to a second request from plaintiff.  On March 11, 2011, plaintiff's attorney wrote to defendant demanding $6 million to settle plaintiff's claims. Plaintiff then filed the complaint in the present case on April 28, 2011.

Defendant claims that plaintiff withheld the existence of his discrimination claims from the bankruptcy court in an attempt to defraud his creditors and the federal court system.  Plaintiff denies any intent to defraud. He claims that he did not disclose the existence of the EEOC case because he believed that it had no economic value; he claims that he hoped for and contemplated the same result that ended his 2005 charge, i.e., an end to the harassment.  Defendant believes that plaintiff's claims in this regard are self-serving, disingenuous, and preposterous.  Defendant questions how plaintiff could have failed to see any relationship between his bankruptcy estate and his discrimination claim given the overlapping timelines of the two proceedings. Defendant also questions plaintiff's belief that his discrimination claim had no

value given the letter from plaintiff's attorney, issued approximately one month after the discharge of plaintiff's bankruptcy estate, demanding $6 million to settle plaintiff's claims.

The trustee of plaintiff's bankruptcy estate, Robert L. Geltzer, has begun the process of reopening the bankruptcy estate in light of this lawsuit. Plaintiff's attorney has been appointed as special litigation counsel to the bankruptcy estate for this case, and the bankruptcy court has ordered plaintiff's attorney to file a motion to substitute the bankruptcy estate in this action. As noted above, plaintiff so moved in his reply to defendant's motion to dismiss the case.

## **Discussion**

As noted above, defendant moves to dismiss plaintiff's complaint on two grounds: that plaintiff lacks standing and that the doctrine of judicial estoppel applies to bar his case. Defendant also asserts that sanctions are appropriate due to what defendant believes was plaintiff's bad faith in attempting to hide this case from his creditors.

Plaintiff concedes that he does not have standing under Fed. R. Civ. P. 12(b)(1). He moves to substitute the trustee of plaintiff's bankruptcy estate as plaintiff in the present case. Plaintiff asserts that the trustee has standing to prosecute the case.

## Standing

In bankruptcy, all of a petitioner's assets, including causes of action, become the property of the bankruptcy estate. See 11 U.S.C. § 541(a)(1);

Seward v. Devine, 888 F.2d 957, 963 (2d Cir. 1989).  The bankruptcy estate also includes interests "that the estate acquires after the commencement of the case."  11 U.S.C. § 541(a)(7).  A debtor has a broad "obligation to disclose all his interests at the commencement of a case."  Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008).  Undisclosed assets remain property of the estate even after debts are discharged.  Id.  "Courts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy . . . ."  Rosenshein v. Kleban, 918 F.Supp. 98, 103 (S.D.N.Y. 1996).  Where a plaintiff lacks standing to pursue his claims, the court lacks subject matter jurisdiction and the case should be dismissed under Fed. R. Civ. P. 12(b)(1).  See, e.g., Amidax Trading Group v. S.W.I.F.T. SCRL, 2011 WL 6317466, at *3 (2d Cir. Dec. 19, 2011).

Plaintiff and defendant agree that plaintiff lacks standing to pursue his claims in the present case.  However, while defendant argues that the case should be dismissed for this reason, plaintiff argues that this result is neither necessary nor preferred.  As noted above, plaintiff instead seeks to substitute the bankruptcy trustee as plaintiff in this action.

Unscheduled assets that are not administered are not automatically abandoned by the estate, and property that is not abandoned and that is not administered in the case remains property of the estate.  11 U.S.C. § 554; Kunica v. St. Jean Financial, Inc., 233 B.R. 46, 53-54 (S.D.N.Y. 1999).

"An action must be prosecuted in the name of the real party in interest."

Fed. R. Civ. P. 17(a)(1).  However, the "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to . . . be substituted into the action."  Fed. R. Civ. P. 17(a)(3).  Following "substitution, the action proceeds as if it had been originally commenced by the real party in interest."  Id.  "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."  Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997).  In the bankruptcy context, instead "of dismissing the debtor's case, it is generally preferable to permit the bankruptcy trustee to be substituted, as the named plaintiff, in place of the debtor."  Kassner v. 2nd Avenue Delicatessen Inc., 2005 WL 1018187, at *4 (S.D.N.Y. Apr. 29, 2005).

In this case, plaintiff's discrimination suit has not been abandoned by his bankruptcy estate.  It therefore remains a part of the bankruptcy estate, and the estate is the real party in interest to this case.  The trustee has indicated a willingness to pursue plaintiff's discrimination claim, and, indeed, the bankruptcy estate is already participating in mediation regarding the claim.  Plaintiff timely moved to substitute the bankruptcy estate as plaintiff by filing the request in response to defendant's motion to dismiss.

The court grants plaintiff's request to substitute Robert L. Geltzer, the trustee of the bankruptcy estate, as plaintiff in this action under Rule 17(a).  The court denies defendant's motion to dismiss the complaint under Rule

12(b)(1) for plaintiff's lack of standing.

Judicial Estoppel

"Under the judicial estoppel doctrine, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . . ."  New Hampshire v. Maine, 532 U.S. 742, 742 (2001). Cases have been dismissed on the basis of this doctrine where a debtor failed to disclose an interest to his bankruptcy estate.  See, e.g., Kunica, 233 B.R. at 58 (collecting cases); Coffaro v. Crespo, 721 F.Supp.2d 141, 145-46 (E.D.N.Y. 2010).  The rationale for the doctrine in the bankruptcy context is to protect the integrity of the system:  "It would violate the integrity of the bankruptcy system to permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently assert those claims for his own benefit in a separate proceeding."  Ibok v. Siac-Sector Inc., 2011 WL 293757, at *6 (S.D.N.Y. Jan. 31, 2011) (internal quotations omitted).

As discussed above, the real party in interest in this case is plaintiff's bankruptcy estate, and plaintiff seeks to substitute the estate as plaintiff. Plaintiff is no longer prosecuting this case for his own benefit.  Therefore, applying the doctrine of judicial estoppel to dismiss the case would effectively prevent the bankruptcy estate from recovering any money that might be payable; it would have no impact on the plaintiff himself.  Although plaintiff may have taken an inconsistent position in his bankruptcy proceeding, it cannot be said that the bankruptcy estate—i.e., the party against whom the

doctrine is now effectively being asserted—took that position.  On the contrary, plaintiff's failure to disclose this suit in his bankruptcy proceeding harmed the bankruptcy estate.  To bar the estate's ability to recover on this ground would be inequitable.  The court denies defendant's motion to dismiss the case under Rule 12(b)(6) on the ground of judicial estoppel.

In defendant's reply memorandum, defendant requests, in the event the court substitutes the bankruptcy trustee as plaintiff, that the trustee be precluded from recovering more than what is owed to plaintiff's creditors and that plaintiff be precluded from benefiting financially from the present case. Courts have employed judicial estoppel in this way.  See, e.g., In re Arana, 456 B.R. 161, 171 (E.D.N.Y. 2011) (stating that if surplus funds remain after paying bankruptcy claims and expenses, "then a debtor's entitlement to it may be subject to judicial estoppel or other equitable defenses"); Wiggins v. Citizens Gas & Coke Util., 2008 U.S. Dist. LEXIS 79415, at *14 (S.D. Ind. Oct. 7, 2008) (concluding that, where plaintiff concealed his claim from the bankruptcy court, "the Trustee is judicially estopped from receiving any monetary recovery in this case beyond" creditors' claims, interest, and trustee fees).

The court grants defendant's request to preclude plaintiff from recovering any monetary value from the claim.  Plaintiff is judicially estopped from receiving any funds from this case due to his failure to disclose the suit in his bankruptcy proceeding.

Sanctions

Finally, defendant seeks sanctions against plaintiff, in the form of attorneys' fees and costs, for bad faith in failing to disclose this suit to his bankruptcy estate.  Courts have broad discretion to impose sanctions. O'Malley v. N.Y.C. Transit Auth., 896 F.2d 704, 709 (2d Cir. 1990).  As noted above, defendant has provided facts that call into question plaintiff's assertion that his failure to disclose the case was innocent.  However, plaintiff's bankruptcy estate will be substituted as plaintiff in this action; plaintiff has not benefitted and will not benefit from this lawsuit.  Although it appears possible that plaintiff may have acted in bad faith, the issue is uncertain.  As soon as defendant raised the issue of plaintiff's bankruptcy proceeding in the motion to dismiss, plaintiff's attorney immediately sought to substitute the bankruptcy estate as plaintiff in this action.  Furthermore, plaintiff's financial ability to pay sanctions appears unlikely given that he has already filed for bankruptcy.  The court denies defendant's request for sanctions.

## **Conclusion**

The court denies defendant's motion to dismiss.

The court grants plaintiff's motion to substitute plaintiff's bankruptcy estate as plaintiff in this action.  The estate is precluded from recovering any monetary value in this case beyond what is required to pay creditors' claims, interest, and the trustee's fees.

The court denies defendant's request for sanctions.

SO ORDERED.


Dated:  New York, New York
        March 19, 2012

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/12